52

**Alfred B. LIBMAN**

v.

**SUN OIL COMPANY.**

Civ. A. No. 4448.

United States District Court
D. Connecticut.

Jan. 27, 1954.

Irving H. Rosenthal, Hartford, Conn., for plaintiff.

Shepherd, Murtha & Merritt, Hartford, Conn., for defendant.

SMITH, District Judge.

This is a Clayton Act suit by a gas station operator against Sun Oil Company, his supplier, for treble damages claiming plaintiff was forced out of business by a requirements contract with Sun combined with Sun's failure to drop its gas price to plaintiff to a point which would allow plaintiff to compete successfully in a retail gas price war.

Defendant moves to dismiss on the ground that the complaint fails to state a claim on which relief may be granted.

Defendant's contentions appear to be that the complaint does not spell out any exclusive requirements contract, does not sufficiently allege foreclosure of competition in a substantial part of the "line of commerce" and pleads no facts to show a causal connection between any restriction on competition arising from the claimed exclusive requirements contracts and plaintiff's losses.

As to the first contention, while it may be that the plaintiff will have difficulty establishing his allegations by proof, it would appear that he has sufficiently pleaded that the effect of the provisions of the real estate lease and the supply contract, taken together, compel him to purchase all his requirements from defendant.

The contracts with plaintiff alone are alleged to affect a substantial portion of the line of commerce. The plaintiff has also pleaded that similar contracts exist between defendant and other dealers and that defendant sells over 10% of all motor fuel sold in Connecticut.

Again, proof may be difficult, but the allegations appear sufficient to survive a motion to dismiss.

Cf. Standard Oil Co. v. U. S., 337 U.S. 293, 69 S.Ct. 1051, 93 L.Ed. 1371, re legality of requirements contracts under the Act—a government anti-trust action, and cf. 63 Y.L.J. 293, 314.

The allegations of damage are, however, defective in that there is no allegation that except for the requirements contract plaintiff could have purchased equivalent goods from defendant's competitors at lower prices, or allegations showing how he was in any other way forced out of business or made to sustain substantial losses.

The motion to dismiss may be granted unless the plaintiff within 20 days amends to show the causal connection between his claimed losses and defendant's claimed violation of the Clayton Act, 15 U.S.C.A. § 12 et seq.

*It is accordingly ordered* that the motion to dismiss be granted with leave to the plaintiff to amend. Unless the plaintiff shall file a substituted or amended complaint within twenty days, the Clerk will enter judgment dismissing the case.